IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAROLD JEROME THORNTON,

    Plaintiff,

v.                                         Civil Action No. 5:12CV74
                                                    (STAMP)

TERRY O'BRIEN, Warden,
JOHN SQUIRES, Officer,
ANDREW CRAWFORD, Counselor
and ROBERT BRINSON, Lieutenant,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING PLAINTIFF'S MOTION TO AMEND AND
OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S ORDER DENYING APPOINTMENT OF COUNSEL**

I. Background

On May 31, 2012, the plaintiff initiated the above-styled civil action. The clerk docketed this action a Bivens action, as the plaintiff made claims against federal employees. See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The plaintiff claims against the federal employees involve allegations surrounding a purported use of excessive force against him while he was incarcerated at USP Hazelton in May 2010. The plaintiff claims that certain named defendants used excessive force against him, he was forced to house with a hostile cellmate, the warden failed to take disciplinary action, there was a conspiracy between defendants, and certain officers not named in the complaint failed

to report the conduct that he claims constituted excessive force. As a result of these claims, the plaintiff alleges that he sustained an injury to his lower back and suffered mentally and emotionally. He requests compensatory damages in the amount of $900,000.00.

The defendants filed a motion to dismiss or in the alternative a motion for summary judgment. In this motion, the defendants argued: (1) the plaintiff has failed to administratively exhaust any of his claims against the named defendants;[1] (2) plaintiff's excessive force claims are unsubstantiated by the plaintiff's medical records; (3) the hostile cellmate claim is unsupported in fact or law; (4) plaintiff's claims against the warden lack any allegation of personal involvement and are improperly based upon the theory of respondeat superior; and (5) the defendants are entitled to qualified immunity.

Rather than responding to the defendants' motion, the plaintiff filed a motion for summary judgment. The plaintiff reiterates the allegations in his complaint. However, he does not respond to the defendants' argument that he failed to exhaust his administrative remedies.

---

[1]The government contends that plaintiff's claim against persons not named in the complaint concerning a failure to report the excessive force is not a viable cause of action because those persons have not been named or served.

2

Pursuant to Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge John S. Kaull for an initial review and for a report and recommendation on disposition of this matter. Thereafter, the magistrate judge issued a report and recommendation, recommending that the defendants' motion to dismiss be granted due to the plaintiff's failure to exhaust his administrative remedies. As such, he also recommended that the plaintiff's motion for summary judgment be denied as moot. Further, the plaintiff had filed two motions for default judgment that the magistrate judge also recommended be denied because the United States filed a timely response to the plaintiff's complaint. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.

The plaintiff then filed three separate motions. The plaintiff first filed his initial motion to alter or amend the judgment. As no final judgment existed at the time of the filing, this Court construes plaintiff's motion as objections to the report and recommendation. In this first motion, the plaintiff argues that due to alleged issues with his exhibits being filed, the magistrate judge did not take into account the entire record when issuing his report and recommendation. The plaintiff then filed

another motion to alter or amend the judgment. This motion outlines the plaintiff's version of the events that led to him filing his <u>Bivens</u> action and then takes issue with the magistrate judge's denial of plaintiff's motion for appointment of counsel. Thus, this Court will construe plaintiff's second motion to alter or amend the judgment as an objection to the magistrate judge's order denying plaintiff's motion for appointment of counsel.

The plaintiff lastly filed a motion for leave to file an amended complaint. The plaintiff seems to seek to add additional claims. He states he is seeking to add "proof of diligence to expidite [sic] and exhaust administrative remedies in spite of injury, excessive force; [sic] denial of medical treatment, denial of an investigation; [sic] and unit team failure to provide grievence [sic] unit investigation and DHO packet was served." The plaintiff includes exhibits with this motion, but does not argue why he should be granted leave to amend his complaint other than arguing that these are exhibits that were once lost or were not before the magistrate judge when the magistrate judge issued his report and recommendation.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Although the plaintiff does not specifically state that the motions to alter or amend the judgment constitute objections to the report and recommendation, this Court construes them as such. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) ("[T]he long-standing practice is to construe pro se pleadings liberally."). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

#### A. Report and Recommendation

The magistrate judge recommended that the plaintiff's claims be dismissed with prejudice because the plaintiff failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc.,

407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The formal administrative process of the Bureau of Prisons ("BOP") is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP.[2] 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006)

---

[2]For inmates confined at USP Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.

("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

The plaintiff claims in his amended complaint that he did exhaust his administrative remedies. The defendants, however, assert that while the plaintiff has filed 16 administrative remedies since the date of the alleged incident in May 2010, none of these grievances dealt with that alleged incident. After reviewing the documentation provided by the defendants, this Court agrees with the magistrate judge's finding that the plaintiff failed to exhaust his administrative remedies as to the claims he is now asserting in this Bivens action.

As the magistrate judge stated, none of the administrative remedies complain of the incident, which the plaintiff alleged occurred in May 2010 at USP Hazelton. See ECF No. 44 Ex. 4 *8-11. Instead, these administrative remedies relate to contesting Disciplinary Hearing Officer ("DHO") procedures, evidence, and sanctions, appeals of DHO actions, Special Unit polices on personal property, rejection of personal property, and claims of staff misconduct at USP Lewisburg. Id.

The plaintiff's initial motion to alter or amend the judgment, which this Court construes as the plaintiff's objections of the magistrate judge's report and recommendation, alleges that the

magistrate judge did not have the full record when issuing his report and recommendation due to issues with mail not being received because of the negligence of others. He claims that as a result of the "negligent actions" involving the non-receipt of his mail, which allegedly contained exhibits in support of his claim, that he is entitled to a "reargument and evidentiary hearing." ECF No. 68 *3. Nowhere in the plaintiff's objections does he claim that he actually exhausted his remedies or provide proof of such exhaustion. Further, he does not claim that the exhibits that were missing from the record illustrate that he did in fact exhaust his remedies. Plaintiff's generalized complaints about the negligent acts of others in conjunction with the delivery of his mail, do not suffice to overcome the evidence, which shows that plaintiff did not exhaust his administrative remedies. Therefore, after a <u>de novo</u> review, this Court affirms the magistrate judge's findings as to plaintiff's <u>Bivens</u> claims.

The magistrate judge also found that the plaintiff's motions for default judgment should be denied because the defendants filed a timely response. The plaintiff did not file objections to this finding. As the magistrate judge stated, according to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." In the

8

plaintiff's motions for default judgment, the plaintiff takes issue with the truthfulness of the defendants' pleading, but does not allege that the defendants failed to plead. Further, as the magistrate judge indicated, the defendants filed a timely response to the plaintiff's complaints, which was their motion to dismiss or in the alternative, motion for summary judgment. Therefore, this Court finds no clear error in the magistrate judge's finding that the plaintiff is not entitled to a finding of default.

B.  Motion to appoint counsel

Federal courts have discretion in civil cases to request an attorney to represent an indigent party. See 28 U.S.C. § 1915(e)(1). However, such an appointment may be made only where the indigent party has shown particular need or circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). This Court has reviewed the plaintiff's complaint and both of his motions to appoint counsel and concludes that the plaintiff has not made the requisite showing of particular need or exceptional circumstances to warrant appointing him counsel in this action. In the plaintiff's objections, he merely asserts that he is being denied counsel, while the defendants are benefitting from trained practicing attorneys. The defendants have counsel because it is required by statute, as this is a Bivens action. According to 28 U.S.C. § 547, the United States Attorney must "prosecute or defend, for the Government, all civil actions, suits or proceedings in

9

which the United States is concerned." Thus, after <u>de novo</u> review of the record, this Court overrules the plaintiff's objections concerning his request for counsel and affirms the magistrate judge's denial of the plaintiff's motion to appoint counsel.

C.  <u>Motion to amend</u>

Federal Rule of Civil Procedure 15(a) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading . . . whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987); <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049, 1052 (4th Cir. 1984).

As the plaintiff's motion to amend was made much later than 21 days after being served with the defendants' responsive pleading, he may only amend with leave from this Court, as the defendants have not provided written consent to such amendment. As stated above, the plaintiff seems to seek to add additional claims against the defendants. All of these claims, however, arise from the same incident he complains of, which occurred in May 2010. As previously explained, the plaintiff failed to exhaust his administrative remedies as to claims arising from this incident and, therefore, he is not entitled to judicial relief based on those alleged claims unless he has evidence of exhaustion.

The plaintiff attaches numerous exhibits to his motion to amend. Although, he does not explain how these exhibits relate to the exhaustion of his administrative remedies, this Court notes that one of these exhibits is a regional administrative remedy appeal form. This appeal form complains of incidents involving excessive force, which he claims occurred in March 2010.[3] The form, however, is dated February 10, 2011. This is almost a year after the alleged incidents took place. As stated above, proper exhaustion of a PLRA or <u>Bivens</u> claim requires an inmate to file <u>timely</u> and <u>procedurally</u> sound administrative grievances in compliance with the BOP's administrative grievance process as

---

[3]As the complained of incidents match that which he alleged in his complaint occurred in May 2010, this Court assumes that plaintiff meant to write May 2010, rather than March 2010.

outlined above. See <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006)(emphasis added). Based on the BOP's three-tiered system, the inmate must submit a written complaint to the warden within 20 days from the date of the incident, which is the basis for the request. 28 U.S.C. § 542.14(a). Then, after receiving a response from the warden, the inmate has 20 days from the receipt of the warden's written response to file an appeal with the Regional Director. 28 U.S.C. § 542.15(a). Not only did the plaintiff not produce any evidence of submitting his written complaint to the warden, he also submitted his appeal almost a year after the alleged incident. Such a period of time is clearly beyond the 20 days plaintiff had to initially submit his complaint. Further, the plaintiff was aware his submission was untimely, as he includes in his exhibits a rejection notice from the administrative remedy coordinator alerting him that his regional appeal was untimely. Therefore, as the plaintiff has failed to show that he exhausted his administrative remedies as to any claims arising from these alleged incidents, he is not entitled to judicial relief. As such, any amendment made by the plaintiff arising from these incidents would be futile.

## IV. <u>Conclusion</u>

After a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper as to plaintiff's <u>Bivens</u> claims and the plaintiff's objections to the report and

12

recommendation lack merit. Further, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous as to plaintiff's motions for default judgment. Therefore, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's motion for summary judgment is DENIED, the defendants' motion to dismiss or in the alternative, for summary judgment is GRANTED, and the plaintiff's complaint is DENIED and DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies.

Furthermore, for the reasons stated above, the plaintiff's motion to amend is DENIED, and the plaintiff's objections to the magistrate judge's orders denying appointment of counsel are OVERRULED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

While this Court is aware of plaintiff's attempt to appeal the magistrate judge's report and recommendation and the magistrate judge's order denying plaintiff's motion for counsel, such appeals were improper prior to a final judgment from this Court. Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after

the date of the entry of the judgment order.  Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 21, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE